UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ABRAHAM STONE

                Plaintiff,

   -against-

PENN CREDIT CORPORATION

                Defendant.
-----------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 15 2005 ★
LONG ISLAND OFFICE

CV-05 4369

DEARIE, J.
GOLD, M.

## CLASS ACTION COMPLAINT

*Introduction*

1. Plaintiff Abraham Stone seeks redress for the illegal practices of Penn Credit Corporation concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

*Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Verizon.

4. Upon information and belief, defendant is a Pennsylvania corporation with a principal place of business is located in Harrisburg, Pennsylvania. It is an active foreign corporation in the State of New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

1

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

## *Allegations Particular to Abraham Stone*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. Upon information and belief, defendant sent the plaintiff an initial collection letter seeking to collect a balance allegedly owed to Verizon incurred for personal purposes dated May 3, 2005.

11. Said letter fails to set for the language required by 15 U.S.C. § 1692g which provides that the consumer may dispute the debt and seek verification.

12. Said letter states in part as follows: "If you have an Attorney to represent you or have filed bankruptcy, please disregard this letter and furnish us with the appropriate information so we may mark our files accordingly."

13. Said language discourages the plaintiff from settling the matter where they may have negative consequences on a credit report and specifically with Verizon.

14. Said language gives the consumer represented by counsel that if the consumer provides the name of the attorney, then the matter will be resolved which, upon information and belief, is not the case.

15. The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) and 1692(g) for engaging in a deceptive practice and failing to set forth plaintiff's rights.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

16. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-15 as if set forth fully in this Cause of Action.

17. This count is brought on behalf of plaintiff and the members of a class.

18. The Class consists of consumers who received the same form letter, as did the plaintiff.

19. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about May 3, 2005 (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e(10) and 1692(g) by engaging in a deceptive practice and contradicting the plaintiff's right to dispute the debt.

20. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

21.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications

4

resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

23. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

24. The defendant's actions violate the Fair Debt Collection Practices Act.

25. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
September 12, 2005

*[signature]*

Adam J. Fishbein (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

*[signature]*

Adam J. Fishbein (AF-9508)

*Penn Credit Corporation*

PO BOX 988
HARRISBURG, PA 17108-0988

800 900-1365
Hours: Mon-Fri 8am-10pm, Sat 8am-2pm
(Eastern Standard Time)

2005/05/03

ID S0363036
ABRAHAM STONE
UNIT D
409 COLDSPRING RD
MONTICELLO, NY 12701-0000

*att*
*Ree*
*Wright*

717 4849
23

CLIENT: Verizon Communications
TOTAL BALANCE DUE: $257.54

## STATEMENT OF YOUR ACCOUNT(S)

Please continue to make your monthly payments. If you wish to automate your payments please contact our office.

This letter is from a debt collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose. If you have an Attorney to represent you or have filed bankruptcy, please disregard this letter and furnish us with the appropriate information so we may mark our files accordingly.

12/03

| SERVICE RENDERED | | LAST PAYMENT | ACCOUNT NUMBER | BALANCE |
|---|---|---|---|---|
| VERIZON PHONE BILL | DISC RSN: NP   NON-PAY | $0.00 | 84579644543892 | $257.54 |

Detach and return with payment to expedite credit to your account

2005/05/03

ABRAHAM STONE
UNIT D
MONTICELLO, NY 12701-0000

ID NUMBER: S0363036
BALANCE DUE: $257.54

0000025754  450363036000  01

Call our toll free number and pay using check by phone.

If you wish to pay by credit card, please enter the requested information in the spaces provided.

Check one:  ☐ Visa
            ☐ Mastercard

Card #: _____
Expiration Date: ___/___/___

Signature: _____

PENN CREDIT CORPORATION
STMPC